MATTER OF R—M—

In EXCLUSION Proceedings

A-10787236

*Decided by Board January 24, 1961*

**Excludability—Will be determined in accordance with law existing at time of examination for admission.**

(1) Determination of admissibility must take into account legislation enacted between the date of an alien's parole into the United States and the date he is examined upon his application for admission.

(2) Amendment of July 14, 1960, to section 212(a)(23) of the Immigration and Nationality Act intervening between date (June 10, 1960) alien is paroled for completion of deferred inspection and date of hearing before SIO (August 5, 1960) requires alien's exclusion based upon his conviction in 1959 for possession of marihuana.

EXCLUDED: Act of 1952—Section 212(a)(23) [8 U.S.C. 1182(a)(23)]—Convicted of unlawful possession of marihuana.

BEFORE THE BOARD

**DISCUSSION:** This case is before us on appeal from a decision of a special inquiry officer excluding the appellant on the ground stated above.

The appellant is a 19-year-old unmarried male, native and citizen of Mexico, who has resided in this country since about 1947. He was lawfully admitted to the United States for permanent residence on July 24, 1956. On June 10, 1960, he applied for readmission to the United States following a short absence in Mexico but he was not in possession of the necessary documentation, having lost his alien registration receipt card. He was paroled under 8 U.S.C. 1182(d)(5) for completion of deferred inspection. On August 5, 1960, he was excluded by a special inquiry officer because of his conviction on November 10, 1959, for a violation of section 11530 of the California Health and Safety Code (willful and unlawful possession of marihuana). The sole issue is whether the appellant is inadmissible to the United States.

Between July 18, 1956, and July 14, 1960, 8 U.S.C. 1182(a)(23) provided for the exclusion of "Any alien who has been convicted of a violation of * * * any law or regulation relating to the illicit pos-

170

session of or traffic in narcotic drugs * * *." Section 8 of the Act of July 14, 1960 [8 U.S.C. 1182(a)(23). Supp.; 74 Stat. 505] amended "narcotic drugs" to read "narcotic drugs or marihuana."

We have carefully reviewed the entire record. Prior to the Act of July 14, 1960, it had been held that marihuana was not a narcotic drug and that a conviction for the illicit possession of marihuana was not within the purview of 8 U.S.C. 1182(a)(23). *Hoy v. Mendoza-Rivera*, 267 F.2d 451 (C.A. 9, 1959). Under the amendment of July 14, 1960, the appellant is clearly excludable and counsel apparently concedes that he would be inadmissible because of the conviction in connection with any future application for admission to the United States but he contends that the appellant entered the United States on June 10, 1960, and was not then excludable. However, an alien who is merely paroled into the United States does not make an "entry" within the meaning of the immigration laws. *Leng May Ma v. Barber*, 357 U.S. 185 (1958). 8 U.S.C. 1182(d)(5) specifically provides that the parole of an alien shall not be regarded as an admission of the alien and that upon termination of parole the case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States. The remaining contentions of counsel are without merit and do not require discussion.

Even where a statute is amended after judgment in a lower court, the appellate court will decide the case in accordance with the terms of the amended act. *Carpenter v. Wabash Railway Co.*, 309 U.S. 23, 27 (1940); *Dinsmore v. Southern Express Co.*, 183 U.S. 115, 120 (1901). Subsequent legislation has also been taken into consideration in disposing of immigration cases. *United States ex rel. Wiczynski v. Shaughnessy*, 185 F.2d 347 (C.A. 2, 1950); *United States ex rel. Pizzuto v. Shaughnessy*, 184 F.2d 666 (C.A. 2, 1950). The Attorney General's decision of January 3, 1961, in *Matter of K—*, A-6723213, 9—143, is also apposite. That case, of course, did not involve a change of law but rather the occurrence of a conviction subsequent to the application for admission to the United States. However, this distinction is not important and we regard *Matter of K—*, *supra*, as controlling and requiring the dismissal of the appeal.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.