Samuel KLAPHOLZ, Plaintiff-Appellant,

v.

P. A. ESPERDY, as District Director for the New York District of the Immigration and Naturalization Service, Defendant-Appellee.

No. 324, Docket 27399.

United States Court of Appeals
Second Circuit.

Argued April 26, 1962.

Decided May 18, 1962.

Jackson G. Cook, New York City .(Stuart Wadler, New York City, of counsel), for plaintiff-appellant.

Roy Babitt, Sp. Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., for the S. D. of New York, New York City, on the brief), for defendant-appellee.

Before SMITH, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

This is an appeal from a summary judgment which dismissed a complaint seeking review of an exclusion order issued by the District Director for the New York District of the Immigration and Naturalization Service,[1] and a declaratory judgment that Klapholz, an alien, was admitted to the United States as an immigrant. In the District Court Klapholz challenged the exclusion order on numerous grounds, all of which were rejected in a comprehensive and well reasoned opinion by Judge Thomas F. Murphy.[2]

1. The complaint also alleged an abuse of discretion in defendant's refusal of a waiver of excludability. This was rejected by the District Court, and the order, insofar as it pertains to the application for waiver, is not appealed.

2. Klapholz v. P. A. Esperdy, 201 F.Supp. 294 (S.D.N.Y.1961).

The principal facts are not in dispute. Klapholz, possessed of a valid immigration visa, was taken into custody by a United States Marshal when he arrived in New York aboard the S.S. United States on July 30, 1956.[3] His visa was not stamped "Admitted" by the Immigration Officer aboard ship and he was not given an alien registration receipt card. Instead he was subsequently notified that he had been paroled into the United States "pending completion of primary inspection," and later received a form notice stating that he would be given a hearing on his application for admission by a Special Inquiry Officer. Meanwhile, Klapholz pleaded guilty to an information charging certain smuggling offenses, and was sentenced to 15 months imprisonment. On January 23, 1957 the immigration hearing was held at the institution in which Klapholz was confined; and the Special Inquiry Officer determined that he was excludable because of the smuggling conviction, a determination ultimately upheld by the Attorney General.

For the reasons stated by the court below, we agree that Klapholz's parole into the United States was a proper exercise of authority granted by Section 212(d) (5) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d) (5); that Klapholz's detention by non-immigration officers did not constitute an admission, "de facto" or otherwise; and that the failure to present him with a form notice of hearing until he was being detained on criminal charges is immaterial in the absence of any allegation that the hearing was thereby rendered unfair. Moreover, the implication of Section 212(d) (5) that upon termination of parole an alien's application can be considered in light of events which occurred in the interim, e. g., cure of a disease which might have required exclusion, leads us to reject appellant's claim that his conviction of a crime involving moral turpitude during the period of his parole pending completion of primary inspection did not render him excludable. 8 U.S.C. § 1182(a) (9).

Affirmed.

---

3. Klapholz's brother and sister-in-law had been indicted in the Eastern District of New York two years earlier on a charge of receiving smuggled shipments of diamonds from Germany to avoid duty costs.

Apparently Klapholz was wanted by the authorities in connection with the pending indictment against his brother and sister-in-law and his own possible involvement with smuggling activities.