MATTER OF MORGAN

In Exclusion Proceedings

A-18186391

*Decided by Board May 22, 1969*

Absent evidence of fraud on her part, an applicant for admission who, subsequent to issuance of her immigrant visa supported by a Labor certification as a live-in domestic, learned that she was to be employed by another employer, but who did not inform the visa-issuing consul of the change, relying on the travel agent's statement everything was all right and she could properly proceed to the United States, and who, following arrival was found excludable under section 212(a)(14) of the Immigration and Nationality Act, as amended, but during the course of an appeal to the Board in exclusion proceedings was issued a Labor certification covering her present employment, is admissible since her application for admission is a continuing one and her visa is now supported by a valid Labor certification.

EXCLUDABLE: Act of 1952—Section 212(a)(14) [8 U.S.C. 1182]—Coming to perform skilled or unskilled labor—no valid Labor certification.

The record relates to a 32-year-old single female alien, a native and national of Jamaica, who applied for admission for permanent residence on May 12, 1968. She presented an immigrant visa supported by a certification from the Secretary of Labor. The latter document showed she was destined to a Mrs. Volkerding, Louisville, Kentucky, for employment as a "live-in" domestic. However, she told the examining immigration officer she was en route to Columbus, Ohio, to work for a Mrs. Moore as a "live-in" domestic.

Because of the different destination and new employer, the applicant's inspection was deferred to Cincinnati, Ohio, and was accorded on June 21, 1968. It resulted in the referral of her case for an exclusion hearing before a special inquiry officer who, on July 9, 1968, ordered her excluded and deported from the United States, on the above-stated ground. Her appeal from that decision, which brings the case before this Board for consideration, will be sustained and her admission authorized.

283

Section 212(a)(14) of the Immigration and Nationality Act provides that, with stated exceptions not here applicable, an alien shall be ineligible to receive a visa and/or for admission into the United States unless in possession of a certification issued by the Secretary of Labor. 29 CFR 60.5 states that the requisite labor certification is invalid if the representations upon which it is based are incorrect, and that it covers only the position described in the request therefor. Application of the following facts of record in the light of the pertinent provisions of the law and the related regulations convinces us that the special inquiry officer's decision to exclude the applicant should be reversed.

The applicant learned she was to work for Mrs. Moore, not Mrs. Volkerding, only after she had obtained her immigrant visa. She did not then inform the visa-issuing consul of the change because the "arranging" travel agent told her everything was all right and she could properly proceed to the United States. In this connection, the special inquiry officer has found absolutely no evidence of fraud on the applicant's part, and he is of the opinion she had no reason to doubt the information she was given.

Accordingly, we are confronted only with the problem of the validity of the applicant's labor certification at the time of her application for admission. Under the circumstances outlined above, hers is a continuing application, which persists to the present moment. It is not definitively affected by the special inquiry officer's ruling. See 8 CFR 3.6. Thus, the facts as they now exist are determinative of the issue raised here, *Klapholz* v. *Esperdy*, 302 F.2d 928 (2 Cir., 1962), cert. denied 371 U.S. 891; cf. *Matter of Pfahler*, 12 I. & N. Dec. 114 (B.I.A., 1967).

As the special inquiry officer pointed out, the applicant has been employed as a "live-in" domestic, the type of work she was "cleared" to perform in this country, since the day after her arrival.[1] On July 15, 1968, six days after the special inquiry officer rendered his decision and this appeal was filed, she was issued a labor certification covering that employment.[2] Clearly, therefore, the applicant's employment in this country has always been in the same category of work for which she was originally

---

[1] The circumstances of her employment, while extremely sympathetic, are not dispositive of the strictly legal problem presented by this case.

[2] Ordinarily, we would remand the case to have that document introduced into the record and considered by the special inquiry officer, but we will not do so here because of the unavoidable administrative delay; because the validity of the document is not subject to contest; and because the only question it raises is strictly legal in nature.

issued a labor clearance; the Department of Labor has found there exists a shortage of qualified workers in this field in the area involved; the protection section 212(a)(14) of the Immigration and Nationality Act seeks to give American labor has in no way been compromised by the applicant; and the technicalities of 29 CFR 60.5 have now been complied with, while the applicant is still knocking at the gate.

Strictly speaking, it might be argued that the applicant's visa is invalid because it was not based on the present labor certification. The legislative history of section 212(a)(14) provides no definitive clue to resolution of this problem. But our perusal thereof convinces us that the Congress never intended the absurd results which would flow from such a ruling in this case. On the record before us, we think it would be superorogatory to require the applicant to proceed abroad to obtain a new visa. We so hold.

**ORDER:** It is ordered that the appeal be sustained; that the special inquiry officer's decision of July 9, 1968 be withdrawn; and that the alien be admitted for permanent residence.