MATTER OF LE FLOCH

In Exclusion Proceedings

A-17904833

*Decided by Board May 12, 1969*

(1) An alien cannot withdraw her application for admission during the course of an appeal to the Board of Immigration Appeals *after* the special inquiry officer has rendered his decision and entered an order of exclusion.*

(2) An alien who seeks to enter the United States as a nonimmigrant student without a valid nonimmigrant student visa is inadmissible under section 212(a)(26) of the Immigration and Nationality Act, even though in possession of a nonimmigrant visitor visa, and she is denied, in the exercise of discretion, a waiver of the student visa requirement pursuant to the provisions of section 212(d)(4) of the Act (unforeseen emergency), based on allegations she was misinformed by the United States consul as to the need of a student visa, where at the time of her alleged application for a student visa she was not then in possession of, and has been unable to secure, a certificate of eligibility from an approved institution of learning.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]— Immigrant without visa.

Act of 1952—Section 212(a)(26) [8 U.S.C. 1182(a)(26)]— Nonimmigrant without valid nonimmigrant visa.

ON BEHALF OF APPLICANT:
Donald Kottler, Esquire
7080 Hollywood Boulevard
Hollywood, California 90028

ON BEHALF OF SERVICE:
Sam I. Feldman
Trial Attorney
(Brief filed)

An order entered by the special inquiry officer on December 23, 1968 excludes the applicant as a nonimmigrant alien who seeks admission without a valid nonimmigrant visa pursuant to the provisions of section 212(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(26)). Counsel requests withdrawal of the applicant's application for admission in his notice of appeal (Form I-290A).

* Modified. See, *Matter of Vargas-Molina*, Interim Decision No. 2069.

We will first consider the issue of whether the applicant may withdraw her application for admission during the pendency of an appeal to this Board after the special inquiry officer has rendered a decision and entered an order excluding her. Counsel in his notice of appeal states that the applicant wishes to depart from the United States "without the stigma of [an order of] deportation" in order to apply for a student visa abroad and then reapply for admission to the United States "in [the] correct status, namely, that of an alien student." Counsel cites our decision in *Matter of Estrada-Tena*, 12 I. & N. Dec. 429 (1967), as authority for the withdrawal of an application for admission on appeal to this Board.

Our decision in *Matter of Estrada-Tena* (*supra*) concerned an alien whose counsel, during the course of the hearing before the special inquiry officer, attempted to withdraw his client's application for admission. The special inquiry officer refused to permit a withdrawal and excluded the applicant. The special inquiry officer certified the case to this Board for a determination of whether an alien may withdraw an application for admission where the hearing has been completed and nothing remains except the rendering of a decision and the entry of an order of exclusion. We held that in the absence of regulations to the contrary, Estrada-Tena did have the right to withdraw his application for admission. We reasoned that he was under no compulsion to enter the United States from Mexico; that the fact that he remained in Mexico accomplished the same result as if he were excluded and deported, without the necessity of seeking permission to reapply for admission within a year after exclusion and deportation; and that prior to the special inquiry officer's decision, the option to press or withdraw the application for admission should rest with the applicant.

The trial attorney in his brief raises the issue of whether an alien may withdraw an application for admission *after* an exclusion order has been entered by the special inquiry officer. He maintains that an alien should not be permitted to gamble on a decision and then be allowed to withdraw his application for admission if the decision turns out to be adverse. If such withdrawal is permissible as a matter of right, he reasons, the alien could undercut the exclusion order even after affirmance by this Board on appeal, by the simple expedient of moving to reopen for the purpose of exercising the right of withdrawal.

This Board functions as an appellate administrative body pursuant to the regulations set forth in 8 CFR 3. Our jurisdiction in exclusion proceedings is governed by 8 CFR 3.1(b)(1), which states in substance that appeals will lie from "decisions of special inquiry officers in exclusion cases, as provided in Part 236 of this chapter." 8 CFR 236.4 states in pertinent part:

*Finality of Order.* The order of the special inquiry officer shall be final except when a case has been certified as provided in Part 3 or Part 103 of this chapter, or when an appeal is taken to the Board of Immigration Appeals.

8 CFR 3.4 permits the withdrawal of an appeal in exclusion proceedings both before and after it has been forwarded to the Board of Immigration Appeals. It also provides that where the record has been forwarded, the request for withdrawal shall also be forwarded and "if no decision in the case has been made on appeal, the record shall be returned, and the initial devision [of the special inquiry officer] shall be final." It is clear from the regulations that once the special inquiry officer has made his decision and there is an appeal to this Board, withdrawal of the appeal before this Board has acted leaves the special inquiry officer's decision in effect.

The applicant in the case before us seeks to withdraw her application for admission during the course of an appeal to this Board *after* the special inquiry officer has rendered his decision and entered an order of exclusion. We conclude that she does not have this right. The regulations do not provide for such withdrawal, and we see no reason why an applicant should be permitted to withdraw as of right after the special inquiry officer has decided the case. We realize, of course, that there may be circumstances where an alien's inability to withdraw the application may result in a gross miscarriage of justice. Where this is the case and the alien or his counsel requests relief, both the special inquiry officer and this Board may, where warranted, vacate an order of exclusion to permit the withdrawal of an application for admission.

It is clear from the record before us that counsel seeks to withdraw the application for admission in order to avoid the excluding provisions of section 212(a)(16) of the Act, which requires an alien who has been excluded from admission and ordered deported to wait one year before he can reapply for admission unless he first obtains the consent of the Attorney General. The mere fact that an alien who has been ordered excluded will need

permission to reapply for admission does not ordinarily result in a gross miscarriage of justice, since a remedy exists by way of an application for permission to reapply in accordance with the procedure set forth in 8 CFR 212.2.

The applicant is an unmarried female alien, 21 years of age, a native and citizen of France, who applied for admission to the United States as a nonimmigrant visitor at the port of San Francisco, California on October 22, 1968. She presented a valid French passport and a nonimmigrant B-1 visa which had been issued to her by the American Consul at Tangier, Morocco, on October 10, 1967, valid to October 10, 1971, for multiple applications for admission into the United States.

The applicant testified that her purpose in coming to the United States at this time was to enter school in order to complete her training as a nurse (pp. 10 and 40). She further testified that while in Paris in September and October of 1968, she went to the American Consulate and inquired concerning a student visa to come to the United States to study nursing. She alleges that she was told by an employee at the consulate that such a visa was not necessary since the B-1 visa on her passport was still valid and she could come to the United States on that visa (pp. 24, 25, 27).

The special inquiry officer finds that the evidence with respect to the applicant's excludability under section 212(a)(20) of the Immigration and Nationality Act is insufficient to establish that the applicant intends to remain in the United States permanently if she should be admitted at this time as a nonimmigrant. The evidence with regard to this issue is found in Exhibit 3, a sworn statement made by the applicant on October 24, 1968. The applicant indicated at that time that she might desire to reside permanently in the United States after completion of her course of study as a nurse. She also stated that she intended to go to Canada after the completion of her studies to apply for an immigrant visa and then lawfully return to the United States as a permanent resident (pp. 19-24). The special inquiry officer concludes that it might be inferred from the applicant's sworn statement and her testimony during the hearing that her intention was that if admitted to the United States as a nonimmigrant, she would thereafter at some time apply for status as a permanent resident alien under section 245 of the Immigration and Nationality Act, presumably after she had completed her course of study in nurs-

ing so as to be qualified for a preference. The applicant testified that she was unaware of the fact that it was possible to apply for permanent residence while in the United States (p. 23). We affirm the conclusion of the special inquiry officer that the applicant is not inadmissible under section 212(a) (20) of the Immigration and Nationality Act.

We will next consider the merits of the applicant's appeal from the decision and order of the special inquiry officer excluding her under the provisions of section 212(a) (26) as an alien who is seeking to enter the United States as a nonimmigrant student without a nonimmigrant student visa. The applicant freely admits that she is seeking admission for the purpose of attending a school of nursing (p. 40). She presented a visa issued pursuant to the provisions of section 101(a) (15) (B) (1), which permits the entry of a nonimmigrant temporarily for business. She also concedes that she has been unable to obtain a certification of her eligibility for admission to a school of nursing (Form I–20) because of the language barrier (p. 32).

During the course of the hearing, the applicant applied for a waiver of the student visa requirement pursuant to the provisions of section 212(d) (4) of the Immigration and Nationality Act. Under this section, the requirement for such a visa may be waived by the Attorney General, acting jointly with the Secretary of State "on the basis of *unforeseen emergency* in individual cases." (Emphasis supplied.) The "unforeseen emergency" relied upon by the applicant is based upon her testimony that the American Consul in Paris, France informed her "you don't have to apply for a student's visa because if·you have a six-months tourist visa ... they [Immigration Service] don't mind if you go to school or as a tourist" (p. 25). The applicant testified that she fully informed the consul that she was returning to the United States to study nursing when she applied for a student visa (p. 24).

The special inquiry officer adjourned the hearing accorded the applicant on November 26, 1968 to afford counsel an opportunity to prepare an application for a waiver under section 212(d) (4) of the Act and to secure a certification of acceptance by a school of nursing (p. 28). The trial attorney then of record requested a substantial length of time "to make inquiries of the American Consul at Paris, France" (p. 28). When the hearing was resumed on December 23, 1968, the trial attorney informed the special in-

quiry officer that no inquiry had been made to the consul in Paris, France by the former trial attorney and he stated for the record "that any inquiry or any answer to any inquiry . . . would be irrelevant and not material and therefore the inquiry will not be made in this case." When questioned as to the basis for his position, the trial attorney replied. "Because the consular officer is presumed to act in accordance with applicable laws and regulations and inasmuch as this applicant does not have a [student] visa, anything the consular officer might have told this girl, the Service is not bound by" (p. 34).

The trial attorney's position is supported by both the law and the regulations. Section 221(h) of the Act provides in substance that nothing in the Act shall be construed to entitle any alien "to whom a visa or other documentation has been issued" to enter the United States if upon arrival at a port of entry the alien is found to be inadmissible by the Immigration Service. This section of the Immigration and Nationality Act also puts the alien on notice by a provision that, "The substance of this subsection shall appear upon every visa application." Furthermore, 22 CFR 41.45 precludes the issuance of a student visa to an alien applicant by a consular office abroad unless the applicant can show, *inter alia,* that he "has been accepted for attendance by, an established institution of learning . . . which has been approved by the Attorney General . . . as evidenced by a presentation of Form I-20 (certificate of eligibility) properly executed by the accepting school and signed by the alien . . ." The applicant in this case did not have a "certificate of eligibility (Form I-20) at the time of her alleged application for a student visa.

The special inquiry officer has carefully weighed the evidence with regard to the circumstances concerning the applicant's request for a waiver of the requirement that she present a nonimmigrant student visa. He concludes that the application for a waiver should be denied as a matter of administrative discretion. We find in this record no "unforeseen emergency" in the applicant's case within the meaning of section 212(d)(4). We affirm the action taken by the special inquiry officer.

The evidence establishes that the applicant is excludable under the provisions of section 212(a)(26) of the Act since she does not possess a (F-1) student visa and is applying for admission for the primary purpose of enrolling at an institution of higher learning in the United States. Furthermore, we conclude that the

applicant cannot, as a matter of right, withdraw her application for admission at this stage of the proceeding. On this record, we conclude that withdrawal of the order of exclusion is not warranted. We affirm the order entered by the special inquiry officer and will dismiss the appeal.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed.