# Authority to Pay Witness Fees to Illegal Aliens

Aliens not legally entitled to be admitted to or reside in the United States who have been paroled for prosecution as defendants, who admit deportability, or who have been adjudged deportable under 8 U.S.C. § 1252(b), are not entitled to payment for appearing as witnesses in federal courts. 28 U.S.C. § 1821(e). However, aliens who are currently the subject of deportation proceedings but have not admitted deportability, or who have rendered themselves subject to deportation proceedings and do not admit deportability, are entitled to witness fees pursuant to 28 U.S.C. § 1821 in the amount of $30 per day.

Aliens determined to be excludable under 8 U.S.C. § 1226, whose removal has been stayed by the Attorney General so that they may testify on behalf of the United States or indigent criminal defendants, are entitled to witness fees in the amount of $1 per day. 8 U.S.C. § 1227(d); Rule 17(b), Fed. R. Crim. P.

Where the language of two or more appropriation accounts makes them equally available to pay certain expenses, and an administrative determination has been made to pay them out of one account rather than any other, Comptroller General rulings require the continued use of the appropriation account that has been selected. Accordingly, witness fees paid to excludable aliens pursuant to 8 U.S.C. § 1227(d) must in the future be made from the Department of Justice's "Fees and Expenses of Witnesses" (FEW) appropriation, rather than from the Immigration and Naturalization Service appropriation, since such fees have in the past been paid from the FEW appropriation.

December 21, 1981

## MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL FOR ADMINISTRATION

You have asked this Office to advise you as to the eligibility of aliens who are not legally entitled to be admitted to or reside in the United States for payment of witness fees and expenses for appearing in United States courts.[1] In addition, you have asked that we identify the statutory authorities that support our conclusions, and indicate the conditions and rates specified in those statutes. After receiving the views of your Division and the Immigration and Naturalization Service (INS),[2]

---

[1] "Illegal" aliens are typically detained to testify in criminal proceedings against persons who allegedly smuggled them into the United States. *See, e.g., United States* v. *Mendez-Rodriguez,* 450 F.2d 1 (9th Cir. 1971), holding that deporting deportable aliens who are potential witnesses in a criminal proceeding against alleged smugglers before defense counsel has had an opportunity to interview them violates the defendants' rights to due process of law and compulsory process under the Fifth and Sixth Amendments to the Constitution.

[2] In response to your letter requesting our advice, we solicited the views of your Division and of INS as to these matters. The responses that we received reflect substantial agreement as to the proper construction of 28 U.S.C. § 1821 and 8 U.S.C. § 1227(d) (Supp. II 1978), as well as the appropriations available for payment of witness fees under these provisions. The responses differed only in that INS,

Continued

and examining the pertinent statutes, we conclude that aliens paroled for prosecution as defendants, or who admit deportability or have been adjudged deportable under § 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b), are entitled to no payment at all for appearing as witnesses in federal courts. Aliens who are currently the subject of deportation proceedings and do not admit deportability, or who have rendered themselves subject to deportation proceedings by, *e.g.*, violating their status, and do not admit deportability, but have not yet been issued an order to show cause, are entitled to witness fees pursuant to 28 U.S.C. § 1821 in the amount of $30 per day. Finally, § 237(d) of the Immigration and Nationality Act, 8 U.S.C. § 1227(d), authorizes payments of $1 per day to excludable aliens whose removal has been stayed by the Attorney General for the purpose of providing testimony, in criminal proceedings on behalf of the United States, or, pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure, on behalf of defendants who are unable to pay witness fees. Payments under both provisions are authorized to be made out of the Department's "Fees and Expenses of Witnesses" (FEW) appropriation.

I.

The general statutory provision which mandates payment of specified fees and allowances to witnesses "in attendance at any court of the United States" is 28 U.S.C. § 1821. Under this section, witnesses are entitled to a $30 per day attendance fee, 28 U.S.C. § 1821(b) (Supp. II 1978), and a travel allowance for expenses incurred in travelling to and from the courthouse. 28 U.S.C. § 1821(c) (Supp. II 1978).[3]

Section 1821 specifically excludes three categories of aliens from the fee and allowance provisions that are generally applicable to other witnesses in federal courts. 28 U.S.C. § 1821(e) (Supp. II 1978).[4] The first category of aliens not covered by the general witness fee provision includes aliens who, pending the determination of their applications for admission into the United States, are temporarily paroled into this country at the discretion of the Attorney General, for prosecution

---

reflecting its expertise in such matters, noted the existence of various categories of "illegal aliens," and clarified the distinction between "excludable" and "deportable" aliens, for purposes of 8 U.S.C. § 1227(d).

[3] In addition, this section provides that witnesses whose testimony is material to a criminal proceeding and whose appearance or testimony may not be secured by subpoena or deposition may be detained pursuant to 18 U.S.C. § 3149, and are entitled to a $30 attendance fee for each day of confinement. 28 U.S.C. § 1821(d)(4) (Supp. II 1978). However, both the House and Senate reports to the 1978 amendments of § 1821 clearly state that the section referring to detained material witnesses is not intended to apply to "illegal aliens." *See* H.R. Rep. No. 1651, 95th Cong., 2d Sess. 5 (1978); S. Rep. No. 756, 95th Cong., 2d Sess. 4 (1978).

[4] 28 U.S.C. § 1821(e) (Supp. II 1978) provides:

An alien who has been paroled into the United States for prosecution, pursuant to section 212(d)(5) of the Immigration and Nationality Act (8 U.S.C. 1182(d)(5)), or an alien who either has admitted belonging to a class of aliens who are deportable or has been determined pursuant to 242(b) of such Act (8 U.S.C. 1252(b)) to be deportable, shall be ineligible to receive the fees or allowances provided by this section.

under the laws of the United States. *See, e.g., Klapholz* v. *Esperdy,* 302 F.2d 928 (2d Cir.), *cert. denied,* 371 U.S. 891 (1962). Aliens thus paroled are not deemed to be "admitted" into the United States, and after their prosecution are returned to the custody from which they were paroled for resumed processing of their applications. 8 U.S.C. § 1182(d)(5) (Supp. II 1980).[5] The second category of aliens excluded from the witness fee provision of § 1821 includes aliens who have already entered the United States—either through formal admissions procedures or surreptitious entry—and admit belonging to a class of deportable aliens,[6] thereby requesting voluntary departure without the necessity of deportation proceedings under 8 U.S.C. § 1252(b). The third category of aliens who are not entitled to witness fees under § 1821 consists of aliens who, after administrative proceedings pursuant to 8 U.S.C. § 1252(b), have been found to be deportable.

Notwithstanding the wide sweep of § 1821(e), there do exist some categories of aliens residing illegally in the United States which Congress has not specifically excluded from coverage under the general witness fee provisions of § 1821, and are entitled, we believe, to receive fees and allowances pursuant to that section. These categories include aliens who, at the time of the proceeding in which they give testimony, are the subjects of deportation proceedings but have not admitted deportability. An additional category of "illegal" aliens who are entitled to receive fees under § 1821 are those aliens who have overstayed their authorized time, violated their status, or otherwise rendered themselves amenable to deportation proceedings, but have not yet been issued an order to show cause and have not admitted deportability. Although the Justice Management Division did not specifically identify this category of "illegal" aliens as separate and distinct from those who have admitted being, or been found to be, deportable, we believe that the distinction drawn by INS is a sound one. Congress' failure to include these two categories of aliens in §1821(e), which lists the various classes of aliens excluded from the fees and allowances provision contained in § 1821, is consistent with the fact that the status of the aliens in these two categories has not yet been adjudicated.

An additional category of "illegal" aliens not specifically excluded from the witness fees provisions of § 1821 are aliens who are excludable

---

[5] Section 1182(3)(5) of Title 8 provides:

> The Attorney General may, except as provided in subparagraph (B), in his discretion parole into the United States temporarily under such conditions as he may prescribe for emergent reasons or for reasons deemed strictly in the public interest any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

[6] Section 241(a) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a), catalogues the classes of deportable aliens.

under § 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226. Excludability under this section refers to aliens who have applied for, but have not yet been granted, admission into the United States, or who have been paroled into this country for a limited purpose—in other words, aliens who have not yet "entered" the United States in the contemplation of law. Because there is a more specific statutory authorization for witness fees for aliens in this category under the Immigration and Nationality Act, we do not believe that Congress intended that excludable aliens be covered under the general witness fee provisions in 28 U.S.C. § 1821.[7] Section 237(d) of the Immigration and Nationality Act, 8 U.S.C. § 1227(d), authorizes the Attorney General to stay the removal of any alien determined to be excludable under § 1226 "if in his judgment the testimony of such alien is necessary on behalf of the United States in the prosecution of offenders against . . . [the] laws of the United States," and entitles such aliens to a witness fee of $1 per day for each day that they are detained in the custody of the United States.[8]

Although § 1227(d) limits payments under this section to witnesses who testify on behalf of the United States, Rule 17(b) of the Federal Rules of Criminal Procedure [9] authorizes the payment of fees to witnesses who are subpoenaed to appear on behalf of defendants in criminal proceedings, who are unable to pay the fees "in the same manner in which . . . fees are paid . . . [to] a witness subpoenaed on behalf of the government." Thus, aliens determined to be excludable under 8 U.S.C. § 1226, whose removal is stayed for the purpose of testifying on behalf of indigent criminal defendants, are entitled to $1 for each day that they are so detained. Because the fees provision contained in § 1227(d) is

---

[7] *See* 2A Sands, Sutherland Statutory Construction § 51.05 (4th ed. 1973).
> Where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute, unless it appears that the legislature intended to make the general act controlling.

*Id.* at 315 (footnotes omitted).

[8] Section 237(d) of the Immigration and Nationality Act, 8 U.S.C. § 1227(d), provides in pertinent part:
> The Attorney General . . . may stay the deportation of any alien deportable under this section, if in his judgment the testimony of such alien is necessary on behalf of the United States in the prosecution of offenders against any provision of this chapter or other laws of the United States. The cost of maintenance of any person so detained resulting from a stay of deportation under this subsection and a witness fee in the sum of $1 per day for each day such person is so detained may be paid from the appropriation for the enforcement of this subchapter

[9] Rule 17 (b) provides:
> The Court shall order at any time that a subpoena be issued for service on a named witness upon an *ex parte* application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense. If the court orders the subpoena to be issued the costs incurred by the process and the fees of the witness so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in case of a witness subpoenaed in behalf of the government.

Fed. R. Crim. P. 17(b).

limited to aliens detained pursuant to *that* subsection, aliens who have been found to be deportable under § 1252 who have been subpoenaed to testify and are detained for that purpose are not entitled to witness fees under § 1227(d).

## II.

The Justice Management Division has informed us that payments made to witnesses pursuant to 28 U.S.C. § 1821 and 28 U.S.C. § 1227(d) are authorized by, and, in the past have been made from, the Department's FEW appropriation. While witness fees paid to excludable aliens under § 1227(d) are authorized to be made from the INS appropriation, we believe that the INS appropriation need not be the exclusive source of such payments, and that the FEW appropriation is also available for that purpose.

Section 1227(d) provides that "[t]he cost of maintenance of any person . . . detained . . . under this subsection and a witness fee in the sum of $1 per day for each day such person is so detained may be paid from the appropriation for the enforcement of this subchapter." The current INS appropriation refers generally to "expenses, not otherwise provided for, necessary for the administration and enforcement of the laws relating to immigration . . .," but does not refer specifically to witness fee payments. H.R. 7584, 96th Cong., 2d Sess. (1980), enacted in part in the Continuing Appropriations for Fiscal Year 1981, Pub. L. No. 96–536, § 101(o), 94 Stat. 3169 (1980), and 1982, Pub. L. No. 97–92, 95 Stat. 1183 (1981). The Department's FEW appropriation is not limited to fees paid under § 1821; rather, it provides generally for "expenses, mileage, compensation, and per diems of witnesses and for per diems in lieu of subsistence, as authorized by law. . . ." *Id.*

Thus, while the language of neither appropriation specifically authorizes witness fee payments to be made to aliens who are not legally entitled to reside in the United States, the language of both appropriations reasonably may be construed to authorize such expenditures. In these circumstances, the Comptroller General has opined that "the administrative determination as to which of the two [appropriations] shall be used will not be questioned by the accounting officers." 23 Comp. Gen. 827 (1944); 5 Comp. Gen. 479 (1926). Moreover, the Comptroller General has required the continued use of the appropriation which has been selected, "to the exclusion of any other for the same purpose . . . in the absence of changes in the appropriation acts." 23 Comp. Gen. 827 (1944). *See* 10 Comp. Gen. 440 (1931). Because the Department has elected in the past to pay witness fees pursuant to 8 U.S.C. § 1227(d) out of the FEW appropriation, and the 1982 appropriation, Pub. L. No. 97–92 (1981), does not modify the language of the 1981 appropriation, Pub. L. No. 96–536, § 101(o), 94 Stat. 3169 (1980),

we conclude that the FEW appropriation must continue to be made available for such payments.

THEODORE B. OLSON
*Assistant Attorney General*
*Office of Legal Counsel*