## MATTER OF KETEMA

### In Exclusion Proceedings

### A-23285380

*Decided by Board July 2, 1982*

The immigration judge and the Board are without jurisdiction to entertain an application for relief under section 212(d)(4)(A) of the Immigration and Nationality Act, 8 U.S.C. 1182(d)(4)(A), which authorizes the waiver of documentary requirements on the basis of unforeseen emergency in the case of qualifying nonimmigrants, such jurisdiction having vested by reason of 8 C.F.R. 212.1(f) in the District Director, acting with the concurrence of the Director of the State Department Visa Office. *Matter of Le Floch*, 13 I&N Dec. 251 (BIA 1969), overruled in part.

EXCLUDABLE: Act of 1952—Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant—not in possession of a valid unexpired visa or other valid entry document

ON BEHALF OF APPLICANT:
Donald N. Sweeney, Esquire
One Boston Place
Boston, Massachusetts 02108

Jim Tom Haynes, Esquire
1000 16th Street, N.W.
Room 511
Washington, D.C. 20036

ON BEHALF OF SERVICE:
Gerald S. Hurwitz
Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated September 15, 1981, an immigration judge found the applicant excludable under section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(20), and ordered him excluded and deported from the United States. The applicant appealed from that decision and oral argument in the case was heard on June 15, 1982. The appeal will be dismissed.

The applicant, a native and citizen of Ethiopia, applied for admission to the United States on October 1, 1980, upon presentation of a nonimmigrant visitor for-pleasure visa which he obtained for the ostensible purpose of attending his sister's wedding. The applicant was paroled into the United States for deferred inspection and these exclusion proceedings were subsequently instituted.

266

The immigration judge concluded that the applicant is not a bona fide visitor for pleasure but instead is seeking to enter the United States to pursue a college education. The immigration judge's conclusion is supported by the evidence before him at the time he rendered his decision. In any event, an application for admission to the United States is a continuing application and admissibility is determined on the basis of the law and the facts existing at the time the application is finally considered. *See Matter of K-*, 9 I&N Dec. 143 (BIA 1959; A.G. 1961), *aff'd in Klapholz v. Esperdy*, 201 F. Supp. 294 (S.D.N.Y. 1961), *aff'd per curiam*, 302 F.2d 928 (2 Cir. 1962), *cert. denied*, 371 U.S. 891 (1962); *Matter of R-M-*, 9 I&N Dec. 170 (BIA 1961). It was conceded at oral argument that the applicant is presently attending school in this country.

The applicant, now a student, is clearly not entitled to admission to the United States as a nonimmigrant visitor for pleasure pursuant to section 101(a)(15)(B) of the Act, 8 U.S.C. 1101(a)(15)(B). *See Matter of Le Floch*, 13 I&N Dec. 251 (BIA 1969). *Cf. Matter of Healy and Goodchild*, 17 I&N Dec. 22 (BIA 1979). He has not been issued a nonimmigrant student visa pursuant to section 101(a)(15)(F) of the Act. As the applicant has not established that he is entitled to nonimmigrant status under any category specified in section 101(a)(15) of the Act, he must be considered to be an immigrant (*see* section 214(b) of the Act, 8 U.S.C. 1184(b)) and hence was properly found excludable under section 212(a)(20) as an immigrant without the requisite travel and entry documents. *Matter of Healy and Goodchild, supra.*

The applicant submits on appeal that the lack of a student visa is a ground for exclusion that can and should be cured in his case by section 212(d)(4)(A) of the Act, which authorizes the waiver of documentary requirements on the basis of unforeseen emergency in the case of qualifying nonimmigrants.[1] The applicant's contention must be rejected. Even if we were to assume that the applicant could demonstrate eligibility for a nonimmigrant student visa, the immigration judge and the Board are without jurisdiction to entertain an application for a section 212(d)(4)(A) waiver.

The applicant insists that immigration judges and the Board have jurisdiction to consider section 212(d)(4)(A) waiver applications, noting that while no express authority over such applications is conferred upon us by statute or regulations, the regulations grant the immigration judge and the Board such discretion and authority in exclusion proceedings "as is appropriate and necessary for the disposition of [a given case.]" 8 C.F.R. 3.1(d); 8 C.F.R. 236.1. That seemingly broad grant of

---

[1] The "unforeseen emergency" cited by the applicant was his inability to obtain a copy of his high school graduation certificate with which to support a student visa application in sufficient time to attend his sister's wedding.

authority is, however, "[s]ubject to any specific limitation prescribed by [the Act and the regulations.]" 8 C.F.R. 3.1(d); 8 C.F.R. 236.1. *See generally Matter of DeG-*, 8 I&N Dec. 325 (BIA 1959; A.G. 1959); *Matter of Manneh,* 16 I&N Dec. 272 (BIA 1977).

The power the applicant would have us exercise has been expressly limited by the regulations which unambiguously give the District Director, acting with the concurrence of the Director of the State Department Visa Office, sole discretion to grant or deny a section 212(d)(4)(A) waiver. 8 C.F.R. 212.1(f).[2] Immigration judges and the Board do not have that authority. *See Matter of Manneh, supra.* Consistent with this determination, our decision in *Matter of Le Floch, supra,* is overruled insofar as we indicated that the immigration judge and the Board have jurisdiction over a section 212(d)(4)(A) waiver application.

Finally, the applicant alleges that he did not receive a fair hearing before the immigration judge and requests that the record be remanded for a de novo hearing. Upon careful review of the record, we find no basis for complying with the applicant's request.

**ORDER:** The appeal is dismissed.

---

[2] 8 C.F.R. 212.1 provides in pertinent part:

(f) *Unforeseen emergency.* A visa and a passport are not required of a nonimmigrant who, either prior to his embarkation at a foreign port or place or at the time of arrival at a port of entry in the United States, satisfies the district director at the port of entry (after consultation with and concurrence by the Director of the Visa Office of the Department of State) that, because of an unforeseen emergency, he was unable to obtain the required documents, in which case a waiver application shall be made on Form I-193.

268