## MATTER OF KAZEMI

### In Exclusion Proceedings

### A-26183521

*Decided by Board March 15, 1984*

(1) An application for admission to the United States is a continuing application and an alien's admissibility is determined on the basis of the law and facts existing at the time the application is finally considered; therefore, the instant applicant is now inadmissible as a nonimmigrant student because he lacks a passport valid for at least the next 6 months, as required by 8 C.F.R. § 214.2(f)(5)(i) (1984).

(2) The Board and immigration judges have jurisdiction to entertain an application for waiver of inadmissibility under section 212(d)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(4) (1982), where an alien renews such application before an immigration judge in exclusion proceedings following its initial denial by the district director. *Matter of Ketema*, 18 I&N Dec. 266 (BIA 1982), overruled. *Matter of Le Floch*, 13 I&N Dec. 251 (BIA 1969), reaffirmed.

EXCLUDABLE: Act of 1952—Sec. 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

ON BEHALF OF APPLICANT:
Benjamin Gim, Esquire
217 Park Row
New York, New York 10038

ON BEHALF OF SERVICE:
Guadalupe Gonzalez
Acting Appellate

Trial Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

This matter is before the Board on appeal from the immigration judge's decision of June 10, 1983, finding the applicant inadmissible to the United States under section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(20) (1982), and ordering him excluded and deported. The record will be remanded.

The applicant is a 20-year-old native and citizen of Iran who arrived in the United States on May 29, 1983, and applied for admission as a nonimmigrant student. He presented a valid Certificate of Eligibility for Nonimmigrant (F-1) Student Status (Form I-20A), and an "F-1" nonimmigrant student visa issued by the American Consul in Bern, Switzerland, valid until May 1987. However, because of questions concerning the authenticity of an extension of

his passport validity, the applicant did not appear to the examining immigration officer to be clearly and beyond a doubt entitled to enter the United States. Therefore, he was served with a Notice to Applicant for Admission Detained for Hearing Before Immigration Judge (Form I-122), alleging that he may be excludable under sections 212(a)(19) and (20) of the Act. *See* section 235(b) of the Act, 8 U.S.C. § 1225(b) (1982); 8 C.F.R. § 235.6(a) (1984).

At the exclusion hearing, the immigration judge first determined that the exclusion ground for fraud under section 212(a)(19) was not sustained. However, he found that the applicant appeared to intend to abandon his residence in Iran and, therefore, did not qualify under the definition of nonimmigrant student in section 101(a)(15)(F)(i) of the Act, 8 U.S.C. § 1101(a)(15)(F)(i) (1982). The immigration judge also observed that under the only clearly authentic expiration date contained in the applicant's passport (which is that specified at the time of its initial issuance), the passport expires in March 1984.[1] He then determined this was insufficient under the requirements for student classification because the passport was not valid for the entire part of the present school year or through the applicant's contemplated full course of studies ending in 1988. For these two reasons, the immigration judge concluded that the applicant was ineligible for admission as a nonimmigrant student. Lacking eligibility for admission as any other type of nonimmigrant, the applicant was found excludable under section 212(a)(20) of the Act. *See Matter of Healy and Goodchild,* 17 I&N Dec. 22, 26 (BIA 1979).

We disagree with the immigration judge's excludability finding on the above two bases. We conclude that the present record is insufficient to reasonably support the determination that the applicant intends to abandon his residence in a foreign country. Moreover, with regard to the passport validity issue, the immigration judge did not apply the appropriate legal standard set forth in the regulations. The regulation at 8 C.F.R. § 214.1(a) (1984) specifies that "[t]he passport of an alien applying . . . for admission [as a nonimmigrant] . . . shall be valid for a minimum of six months from the expiration date of the contemplated period of stay, *unless otherwise provided in this chapter.*" (Emphasis added.) Furthermore, 8 C.F.R. § 214.2(f)(5)(i) (1984) provides an exception to this rule, stating that an alien may be admitted as a nonimmigrant stu-

---

[1] By operation of government agreement, this is 6 months beyond the initial expiration date shown on page 8 of the applicant's passport. *See* United States Department of State Public Notice 788, 46 Fed. Reg. 39,718 (1981); 1 C. Gordon and H. Rosenfield, *Immigration Law and Procedure* § 2.31a (rev. ed. 1983).

50

dent, "[s]ubject to the condition that the alien's passport is valid for a minimum period of six months at all times while in the United States (including any automatic revalidation accorded by agreement between the United States and the country which issued the alien's passport)." Thus, the immigration judge was incorrect in requiring that the applicant's passport at the time of admission be valid through either the entire school year or the anticipated completion of his full course of study.

The foregoing does not fully resolve the issue of the applicant's present admissibility as a nonimmigrant student. We have long held that an application for admission to the United States is a continuing application and admissibility is determined on the basis of the law and the facts existing at the time the application is finally considered. *See Matter of K-*, 9 I&N Dec. 143 (BIA 1959; A.G. 1961), *aff'd, Klapholz v. Esperdy,* 201 F. Supp. 294 (S.D.N.Y. 1961), *aff'd,* 302 F.2d 928 (2d Cir. 1962), *cert. denied,* 371 U.S. 891 (1962); *see also Matter of Morgan,* 13 I&N Dec. 283 (BIA 1969); *Matter of R-M-,* 9 I&N Dec. 170 (BIA 1961). Therefore, inasmuch as under its initial expiration date the applicant's passport is valid only until March 1984 (which includes its automatic revalidation—*see supra* note 1), the applicant's admission today would violate the provisions of 8 C.F.R. § 214.2(f)(5)(i) (1984) because he then would be present in the United States without a passport valid for at least the next 6 months. The applicant may, however, avoid this dilemma by means of a waiver of the nonimmigrant passport/visa requirements under section 212(d)(4) of the Act.[2]

The record reflects that because of the questions concerning his passport, the applicant did make application to the district director for a waiver under section 212(d)(4)(A), which provides: "Either or both of the requirements of paragraph (26) of subsection (a) may be waived by the Attorney General and the Secretary of State acting jointly (A) on the basis of unforeseen emergency in individual cases. . . . " *See* 8 C.F.R. §§ 212.1(f), 235.7 (1984); *see also* 22 C.F.R. § 41.7 (1984). The district director denied the waiver application on June 1, 1983, and the applicant sought to renew that application before the immigration judge in these exclusion proceedings. The immigration judge concluded that he need not adjudicate the waiver application in view of his resolution of the issue of intent to abandon foreign residence but noted in any event that under the holding of *Matter of Ketema,* 18 I&N Dec. 266 (BIA 1982), immigra-

---

[2]Alternatively, the applicant is free on remand to pursue his suggestion that he might obtain a new extension (or verification of the present questionable extension) of his passport from the appropriate Iranian consular officials.

tion judges and the Board have no jurisdiction to adjudicate an alien's section 212(d)(4) waiver application.

The immigration judge's reading of *Ketema* is correct. Nevertheless, we have concluded that *Ketema* was wrongly decided and must be overruled. Based upon examination of 8 C.F.R. § 212.1(f) (1982) alone, *Ketema* held that exclusive jurisdiction over section 212(d) waivers is vested in the district director and that immigration judges and the Board have no authority to consider such relief. However, *Ketema* was decided without taking account of the provisions of 8 C.F.R. § 235.7 (1982). This regulation preliminarily confirms the terms of 8 C.F.R. § 212.1(f) (1982), specifying that a section 212(d)(4) waiver request is to be decided in the first instance by the district director. But, 8 C.F.R. § 235.7 (1982) provides further: "Refusal of a district director to authorize admission under section 213, or to grant an application for the benefits of section 211, section *212(d)(3)* or *(4)*, or section 212(c), . . . shall be without prejudice to the *renewal of such application [before]* or the authorizing of such admission by *the special inquiry officer* without additional fee." (Emphasis added.) It also should be noted that as long ago as 1969 in *Matter of Le Floch*, 13 I&N Dec. 251 (BIA 1969), we implicitly applied this provision and accepted the exercise of jurisdiction by immigration judges and the Board over section 212(d) waivers. Accordingly, we now conclude there does exist explicit regulatory authorization for the exercise of such jurisdiction where an alien renews his section 212(d)(4) waiver application in exclusion proceedings following initial denial by the district director.

In view of the foregoing, we hold that the Board and immigration judges have jurisdiction to entertain an application for waiver of inadmissibility under section 212(d)(4) of the Act where an alien renews such application before an immigration judge in exclusion proceedings following its initial denial by the district director. In so holding, we overrule *Matter of Ketema, supra,* and reaffirm *Matter of Le Floch, supra.*[3]

Applying the above holding to the facts of this case, the applicant is entitled to renew his application for a section 212(d)(4) waiver before the immigration judge in these exclusion proceedings. Therefore, the record will be remanded to the immigration judge for his consideration of that application. Should this waiver be approved, the applicant will be admitted to the United States as

---

[3] We note that a section 212(d)(4) waiver is granted only through "joint action" with the Secretary of State which, in practice, is accomplished by consultation with and the concurrence of the Director of the State Department Visa Office. 8 C.F.R. § 212.1(f) (1984).

a nonimmigrant student; if not, the immigration judge will reinstate his order of exclusion and deportation.

**ORDER:** The decision of the immigration judge is vacated, and the record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion and for entry of a new decision.