MATTER OF ESTRADA-TENA

IN EXCLUSION PROCEEDINGS

A-13129779

*Decided by Board September 1, 1967*

An alien may withdraw his application for admission to the United States notwithstanding a hearing in exclusion proceedings has been completed and nothing remains but the rendering of the decision by the special inquiry officer.

EXCLUDABLE: Act of 1952—Section 212(a)(6). [8 U.S.C. 1182(a).(6)]—Alien afflicted with tuberculosis.

ON BEHALF OF APPLICANT: Marion S. Richards, Esquire
110 West 'C Street
San Diego, California 92101

We take jurisdiction of the case by certification solely insofar as it relates to the right of the applicant to withdraw his application for admission. The facts have been fully set forth in the decision of the special inquiry officer. Briefly, the record relates to a native and citizen of Mexico, 25 years old, male, single, who was admitted to the United States for permanent residence on May 12, 1962 at San Ysidro, California. In 1963 he commenced to live with one Rozio Felix, a native and citizen of Mexico in Tijuana, Mexico and has two children by her, born in Mexico on February 11, 1964 and April 23, 1966. In February 1966, the nature of his residence was changed to that of a commuter. In September 1966 in connection with his application for admission to the United States, he was examined by a medical officer of the United States Public Health Service who, on September 29, 1966, issued a Class A Medical Certificate certifying that the applicant was afflicted with pulmonary tuberculosis. We agree with the special inquiry officer that the applicant's absence to Mexico where he resided with his wife and two children was a meaningful departure; that an alien who is in the status of a commuter-resident on the basis of the very nature of that residence could not be considered as coming

429

within the purview of *Rosenberg* v. *Fleuti*, 347 U.S. 449; and that when the applicant sought to return to the United States in September 1966, he was seeking to make an entry into the United States. The Class A Medical Certificate issued by the Public Health Service on September 29, 1966 (Ex. 4) is conclusive in this proceeding.[1] Under the provisions of section 234 of the Act, there is no appeal to a Board of Medical Officers of the United States Public Health Service with respect to a Class A Certification under section 212(a)(6) of the Act. Section 236(d) of the Act further provides that there is no appeal from the decision of the special inquiry officer excluding an alien under section 212(a)(6) of the Act.

During the course of the hearing on February 21, 1967, the applicant, through counsel, attempted to withdraw his request for admission at that time (p. 28). However, the special inquiry officer refused to permit a withdrawal and excluded the applicant on the ground stated in the caption.

The special inquiry officer concedes that there is no precedent decision relating to the withdrawal of an application for admission nor is there any regulation or statute which provides for the withdrawal of an application for admission. He concludes that where the record has been completed and nothing remains but to render a decision, it is not considered that the withdrawal of the application for admission will defeat the determination of the application.

We agree with the special inquiry officer that there is no precedent decision or statute or regulation relating to the withdrawal of an application for admission. Nor have we been able to find any unreported decisions relating to this subject. The very absence of pertinent decisions troubles us because in the long administration of the immigration laws, there must have been numerous cases involving this aspect.

Some light is thrown on this subject in Gordon and Rosenfield's excellent book on Immigration Law and Procedure.[2] The authors observed that it sometimes happens that during the hearing—usually one held at a land border port—the applicant decides to withdraw his application for entry, in order to avoid an order of exclusion or to enable him to assemble documents or meet other preliminary requirements. Such withdrawal ordinarily will be permitted.

The fact that withdrawals of application for admission are ordinarily permitted may explain the absence of any precedent or unreported decisions on this point. We see little to be gained by insisting upon the entry of an order of exclusion and not permitting the with-

---

[1] Section 236(d) of the Immigration and Nationality Act.
[2] Published by Banks and Company (1966 Edition), section 3.20e.

drawal of the application for admission. Certainly, the alien is under no compulsion to enter the United States. He remains in Mexico, which accomplishes the same result as if he were excluded and deported without the necessity of seeking permission to reapply within a year after exclusion and deportation. In the event he is satisfied that the tuberculosis has been completely arrested, the applicant may again seek to apply for admission to the United States. Or, he may not desire to seek to enter the United States and to remain with his family in Mexico. The decision should rest with the applicant. We will enter an order upholding his right to withdraw his application for admission and terminating the exclusion proceedings.

ORDER: It is ordered that the withdrawal by the applicant of his application for admission to the United States be and the same is hereby approved.

*It is further ordered* that the order entered in exclusion proceedings be withdrawn and that the exclusion proceedings be terminated.