MATTER OF VARGAS-MOLINA

In Exclusion Proceedings

A-18863065

*Decided by Board January 8, 1971*

An applicant for admission, whether or not the application is made at a land port, and whether or not the special inquiry officer has entered a decision, may not withdraw his application as a matter of right; however, the special inquiry officer, in his discretion, may permit withdrawal of an application for admission if justice may best be served by permitting the withdrawal. [*Matter of Estrada-Tena*, 12 I. & N. Dec. 429, overruled; *Matter of Le Floch*, Interim Decision No. 1970, modified.]

EXCLUDABLE: Act of 1952—Section 212(a)(23) [8 U.S.C. 1182(a)(23)]—
Convicted of illegal importation of marihuana.

Act of 1952—Section 212(a)(26) [8 U.S.C. 1182(a)(26)]—
Nonimmigrant not in possession of valid visa.

ON BEHALF OF APPLICANT:  ON BEHALF OF SERVICE:
Pro se         Irving A. Appleman
            Appellate Trial Attorney

The special inquiry officer excluded the applicant on the grounds stated in the caption and certified the case to the Board for final decision. No change will be made in his order.

This case concerns the right of an applicant for admission to withdraw his application before the special inquiry officer enters an order in exclusion proceedings.

The applicant, a 31-year-old single male, a native and citizen of Colombia, applied for admission in June 1969 as a nonimmigrant visitor for pleasure at San Juan, Puerto Rico. The Service learned that his nonimmigrant visa had been irregularly issued and that he had illegal possession of marijuana. The Service paroled him into the United States under section 212(d)(5) of the Act so that he could be prosecuted for possession of the marijuana. He was convicted on August 14, 1969 in the United States District Court for Puerto Rico for illegally importing marijuana.

A Service officer questioned the applicant on August 14, 1969 concerning his immigration status. The applicant attempted to

withdraw his application for admission and stated that he desired to return to Colombia. However, he was brought before a special inquiry officer in exclusion proceedings. Here he again sought to withdraw his application for admission. His request was refused and he was excluded as we have previously stated.

The regulations and statutes do not provide for the situation before us. Three cases must be considered.

In *Matter of Estrada-Tena*, 12 I. & N. Dec. 429 (BIA, 1967), an exclusion hearing, the applicant for admission attempted to withdraw his application before the special inquiry officer entered his decision. We held that the applicant had the right to withdraw his application. We found a practice existed whereby orginarily the Service permitted a withdrawal.

In *Matter of Le Floch*, Interim Decision No. 1970 (BIA, 1969), we held that after the special inquiry officer had entered an order of exclusion, the applicant had no right to withdraw his application for admission. We indicated, however, that the board or the special inquiry officer could, as a matter of discretion, permit the withdrawal of an application for admission if a miscarriage of justice would otherwise result.

*D'Agostino v. Sahli*, 230 F.2d 668 (5 Cir., 1956), a habeas corpus proceeding, involved an alien deported to the United States by the Mexican Government. After the United States authorities excluded him, he was turned over to the United States Marshal in connection with a narcotic charge pending against him in New York City. The court held that a person presented at a port of entry, whether voluntarily or otherwise, comes within the exclusionary provisions of the Act and that the Service, therefore, had the authority to examine him, to exclude him, and to transfer custody to the Marshal. The case therefore indicates that once an alien comes within the jurisdiction of the Service in an exclusion proceeding, he has no right to defeat this jurisdiction by withdrawing his application for admission.

An applicant for admission who comes under the Service jurisdiction should not have the power to compel the Service to relinquish jurisdiction. Consideration of an application calls for allocation of Service resources and expenditure of public funds. The orderly, expeditious and efficient disposition of an application the applicant or to deny permission for such withdrawal. This is in accord with past practice in which the Service permitted withdrawals in some cases and not in others. We therefore rule that an applicant for admission, whether or not the application is made at a land port, and whether or not the special inquiry

officer has entered a decision, may not withdraw his application as a matter of right. He may be permitted to withdraw his application if justice may best be served by permitting the withdrawal.

*Matter of Estrada-Tena, supra,* is overruled. Matter of *Le Floch, supra,* is modified insofar as its language is in conflict with this decision.

**ORDER:** It is ordered that no change be made in the special inquiry officer's order.