MATTER OF MOORE

In Exclusion Proceedings

A-17797587

*Decided by Board July 12, 1971, as amended December 9, 1971*

(1) Pursuant to section 291 of the Immigration and Nationality Act, the burden of proof is upon a commuter applicant for admission to establish that he is not subject to exclusion. Since an alien commuter is not returning to an actual unrelinquished permanent residence in the United States, he is not entitled to a hearing at which the Service bears the burden of proof under the rule of *Kwong Hai Chew* v. *Rogers*, 257 F.2d 606 (D.C. Cir., 1958).

(2) Since a permanent resident alien commuter makes a meaningful departure when he leaves the United States, he does not come within the ambit of *Rosenberg* v. *Fleuti*, 374 U.S. 449 (1963), and is subject to possible exclusion upon his return to this country.

(3) The standard of clear, convincing and unequivocal evidence set forth in *Woodby* v. *Immigration and Naturalization Service*, 385 U.S. 276 (1966), is not applicable to exclusion proceedings.

EXCLUDABLE: Act of 1952—Section 212(a)(9) [8 U.S.C. 1182(a)(9)]—Conviction of crime involving moral turpitude prior to entry.

ON BEHALF OF APPLICANT: Pro se

The applicant, male native and citizen of Canada, married, 33 years of age, applied on February 8, 1971 for admission as a returning resident alien (commuter). He was detained for an exclusion hearing before a special inquiry officer, who found the applicant excludable. The decision was certified to this Board. It will be affirmed.

The applicant had been admitted to the United States on December 14, 1967 as an immigrant. He immediately assumed the status of a commuter.

The record indicates that on December 3, 1970 the applicant was convicted in Detroit, Michigan, after a plea of guilty, of the crime of attempted breaking and entering with intent to commit larceny. The applicant was placed on probation for two years.

Section 212(a)(9) of the Immigration and Nationality Act requires that aliens who have been convicted of a crime involving moral turpitude shall be excluded from admission into the United States.

The crime of attempted breaking and entering with intent to commit larceny, by definition involves larceny. Larceny is a crime involving moral turpitude, *Quilodran-Brau v. Holland*, 232 F.2d 183 (3 Cir., 1962). Since moral turpitude inheres in the intent, *U.S. ex rel. Meyer v. Day*, 54 F.2d 336 (2 Cir., 1931); *Matter of R—*, 4 I. & N. Dec. 644, 647 (CO, 1952, BIA, 1952), the crime of breaking and entering with intent to commit larceny involves moral turpitude. An attempt to commit the same offense would likewise involve moral turpitude, since there is no distinction for immigration purposes in respect to moral turpitude between the commission of the substantive crime and the attempt to commit it, *U.S. ex rel. Meyer v. Day, supra*, p. 337.

We find, then, that applicant was guilty of a crime involving moral turpitude, *Matter of P—*, 4 I. & N. Dec. 252 (BIA, 1951). That case concerned a violation of section 28.592 of the Michigan Penal Code (larceny from dwelling house, store, factory, ship or other building) which is similar to the violation to which applicant pleaded guilty. Therefore, we agree with the special inquiry officer that the applicant comes within the ambit of section 212(a)(9) of the Immigration and Nationality Act and, therefore, is excludable.

The special inquiry officer correctly held that the doctrine contained in *Rosenberg v. Fleuti*, 374 U.S. 449, (1963), does not apply to the facts in the present case. The *Fleuti* doctrine is that an innocent, casual, and brief excursion by a resident alien outside this country's borders may not have been "intended" as a departure disruptive of his resident alien status and, therefore, may not subject him to the consequences of an "entry" into the country on his return. The *Fleuti* case was concerned with interpreting section 101(a)(13) of the Immigration and Nationality Act, which is expressly aimed at resident aliens.

The applicant, however, is not a true resident alien, but belongs instead to the class of aliens known as "commuters," a category created administratively for the convenience of aliens living in Canada and Mexico who have jobs in the United States. Under existing practice a commuter is a person nominally possessing the status of an alien lawfully admitted for permanent residence; who has employment of a permanent nature in the United States;

and who possesses the right to take up physical residence in the United States although he does not elect to do so, but usually returns to his actual home in Canada or Mexico every night. Because he has no true permanent residence in the United States, a commuter does not enjoy all the benefits of an alien lawfully admitted for permanent residence.

We have previously held that a commuter makes a meaningful departure every time he leaves the United States, thereby subjecting himself to possible exclusion upon his return to the United States, *Matter of Estrada-Tena*, 12 I. & N. Dec. 429 (BIA, 1967). That case specifically noted that the *Fleuti* doctrine would be inapplicable to such a situation. Moreover, a commuter's departure from the United States is not the casual stepping across the border found in *Fleuti*, but is a return to his actual residence.

We do, however, disagree with the special inquiry officer's application of the standard of clear, convincing and unequivocal evidence to determine excludability. That standard, formulated in *Woodby* v. *INS*, 385 U.S. 276 (1966), applies only to deportation proceedings.

Section 291 of the Immigation and Nationality Act provides that whenever any person makes application for admission, the burden of proof shall be upon such person to establish that he is not subject to exclusion under any provisions of the Immigration and Nationality Act. Section 235(b) of the Act provides that every alien who may not appear to the examining immigration official to be clearly and beyond a doubt entitled to land shall be detained for further inquiry to be conducted by a special inquiry officer; and this was done in the instant case. This applicant is a commuter, and not an alien actually residing in the United States. Unlike the status of an alien who is returning to an actual unrelinquished permanent residence in the United States, a commuter's status is not assimilated to that of a resident alien who has not left the United States under the rule laid down in *Kwong Hai Chew* v. *Colding*, 344 U.S. 590 (1953). Were he an alien returning to an actual unrelinquished permanent residence in the United States, this applicant would be entitled to a hearing at which the Service bears the burden of proof, *Kwong Hai Chew* v. *Rogers*, 257 F.2d 606 (D.C. Cir., 1958). Compare *Matter of Becerra-Miranda*, 12 I. & N. Dec. 358 (BIA, 1967). He is not. The burden of proving that he is not subject to exclusion under any provision of the Immigration and Nationality Act is upon the commuter-applicant for admission. Section 291 of the Immigra-

713

tion and Nationality Act. This applicant has not met that burden.

As clarified above, we affirm the special inquiry officer's decision and the following order will enter.

**ORDER:** It is ordered that the decision of the special inquiry officer be and the same is hereby affirmed.