MATTER OF LEPOFSKY

In Exclusion Proceedings

A-20127836
A-20598119

*Decided by Board June 6, 1974*

The immigration judge's order in exclusion proceedings permitting the inadmissible applicants to withdraw their applications for admission conditioned upon their departure from the United States within one month was an infringement on the discretionary parole authority vested in the district director under 8 CFR 212.5(a); such parole authority is lacking to both the Board and immigration judges.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrants—no visas (both applicants).

ON BEHALF OF APPLICANTS: Ernest C. Lee, Esquire
1430 W. Peachtree Street, N.W.
Atlanta, Georgia 30309

The applicants, husband and wife, are natives and citizens of Canada who arrived in the United States in 1972 and were paroled into this country for the purpose of disposing of property here. In a decision dated September 19, 1973, the immigration judge found both applicants excludable as charged. He entered an order permitting the applicants to withdraw their applications for admission and to depart from the United States by midnight on October 19, 1973. An alternative order was entered ordering their exclusion and deportation from the United States in the event of failure to depart as required. The male applicant has appealed from that decision. Since the female applicant's name is not on the Notice of Appeal, we will take her case on certification pursuant to 8 CFR 3.1(c) in order to avoid any jurisdictional problem.

The record clearly shows that the applicants wish to remain in the United States permanently while the male applicant operates and cares for his place of business. We agree with the immigration judge's conclusion that the applicants are immigrants, and are therefore excludable under section 212(a)(20) of the Act because

they are not in possession of valid unexpired immigrant visas or other valid entry documents as required by the Act.

The immigration judge unquestionably had the power to allow the applicants to withdraw their applications for admission at the time of the hearing. However, by entering an order allowing withdrawal upon departure from the United States within one month, the immigration judge attempted to authorize the applicants to remain in this country conditionally for that period. Such an order was an infringement on the discretionary authority of the District Director under 8 CFR 212.5(a) to parole inadmissible aliens into the United States under such terms and conditions as he might deem appropriate.

Both the immigration judge and the Board lack authority to exercise the parole power vested in the District Director by 8 CFR 212.5(a). *Matter of Conceiro*, Interim Decision 2183 (BIA 1973), aff'd *Conceiro* v. *Marks*, 360 F. Supp. 454 (S.D.N.Y. 1973). Therefore, the conditional order entered in this case was inappropriate; the applicants could have been offered an opportunity to withdraw their applications at the time of the hearing, and if they declined to do so, their immediate exclusion and deportation should have been ordered. That course would still have left it open to the District Director, in his discretion, to parole them in pending execution of the exclusion order.

On appeal, counsel urges that the applicants be allowed to remain in the United States pending processing of their applications for immigrant visas. We realize that this case presents sympathetic factors which led the immigration judge to attempt to fashion some sort of relief for the applicants. However, the authority to stay the deportation of excludable aliens or to allow such aliens to remain here on parole is vested solely in the District Director. 8 CFR 237.1; 8 CFR 212.5(a). Consequently, we must dismiss the appeal and order that the applicants be excluded and deported from the United States.

ORDER: The appeal is dismissed.

*Further order*: The order of the immigration judge is withdrawn.

*Further order*: The applicants are excluded and shall be deported from the United States.