## MATTER OF GUTIERREZ

### In Exclusion Proceedings

### A-28737747

*Decided by Board March 11, 1988*

(1) An immigration judge may permit an alien in exclusion proceedings to withdraw his application for admission; however, an alien may not be permitted to withdraw his application for admission unless he satisfies the immigration judge that factors directly relating to the issue of his admissibility indicate that "justice may best be served" by permitting withdrawal and that he possesses both the intent and the means to depart immediately from the United States.

(2) A balancing of the equities test is not an appropriate method by which to determine whether an alien merits permission to withdraw an application for admission.

(3) It was never contemplated that the withdrawal of an application for admission would become a nonstatutory form of "relief" from excludability which an applicant could apply for after excludability became apparent.

(4) Once the exclusion hearing has been conducted and the issues of excludability have been resolved, such permission should ordinarily only be granted with the concurrence of the Service.

EXCLUDABLE: Act of 1952—Sec. 212(a)(14) [8 U.S.C. § 1182(a)(14)]—No valid labor certification

Sec. 212(a)(19) [8 U.S.C. § 1182(a)(19)]—Procured visa and seeks entry by fraud or willful misrepresentation of a material fact

Sec. 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

ON BEHALF OF APPLICANT:
Walter Rafael Pineda, Esquire
615 Sansome Street
San Francisco, California 94111

ON BEHALF OF SERVICE:
Samuel Bettwy
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated May 28, 1987, the immigration judge permitted the applicant to withdraw his application for admission to the United States. The Immigration and Naturalization Service has ap-

pealed. The appeal will be sustained and the record will be remanded.[1]

The applicant is a native and citizen of Mexico who was detained by the Service as he attempted to enter the United States at San Francisco International Airport on May 26, 1987. On that same date, the applicant was served with a Notice to Applicant for Admission Detained for Hearing before Immigration Judge (Form I-122) advising him that he had been placed in custody pending a hearing before an immigration judge to determine whether he was excludable under sections 212(a)(14), (19), and (20) of the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a)(14), (19), and (20) (1982 & Supp. IV 1986), for, respectively, not having a valid labor certification, procuring a visa and seeking to enter the United States by fraud or willful misrepresentation of a material fact, and not being in possession of a valid immigrant visa.

At the exclusion hearing, the immigration judge, without objection from the applicant's counsel, admitted into evidence an Order to Appear for Deferred Inspection (Form I-546) dated May 26, 1987. That document reflects that the applicant sought admission as a returning lawful permanent resident and that he had in his possession an Alien Registration Receipt Card (Form I-151), which he informed Service officers he had purchased on the street for $40.

The applicant testified that he originally entered the United States in November 1978 and since that date had departed only once, for a 3-week period, in order to visit his infirm mother.[2] He further advised that, during his stay in this country, he was continuously employed, never received public assistance, and always filed his income taxes. Moreover, he indicated that he is married to a lawful permanent resident and that they have one United States citizen child and are currently expecting another. Finally, he stated that he has no criminal record in this country and is able to pay for his transportation back to Mexico.

Although the immigration judge found that the applicant was excludable under sections 212(a)(14), (19), and (20) of the Act, he permitted the applicant to withdraw his application for admission, concluding that the favorable equities in the case outweighed the adverse factor of the attempted fraudulent entry. The immigration judge cited as positive considerations the fact that the applicant has a lawful permanent resident spouse who will be eligible for

---

[1] This decision was originally entered on December 28, 1987. We have reopened on our own motion for the limited purpose of incorporating revisions for publication.

[2] Upon his return from this trip, the applicant was detained by the Service and placed in the present proceedings.

citizenship in 1 year, that he is the father of a United States citizen child and his spouse is expecting, that he has no arrest or welfare record, that he has been gainfully employed, and that he has been supporting and living with his family.

On appeal, the Service argues that the immigration judge erred in permitting the applicant to withdraw his application for admission. It asserts that the immigration judge should not have employed a balancing test, as there is no legal authority to support the utilization of such a method to determine whether an alien merits withdrawal.

The applicant contends that the decision of the immigration judge is correct. He argues that weighing favorable and adverse factors is a valid means by which to determine whether to exercise discretion in a withdrawal case.

Under the terms of the Act, one of the principal detriments arising from an order of exclusion is the fact that the excluded alien cannot reapply for admission to the United States for a period of 1 year. Section 212(a)(16) of the Act. The Act itself furnishes a remedy to this bar by means of advance consent from the Attorney General to reapply for admission. *Id.;* 8 C.F.R. § 212.2 (1988). However, if permission to withdraw an application for admission is granted to an applicant, his departure is not pursuant to an order of exclusion and permission to reapply for admission is not required.

Neither statute nor regulation directly provides for the withdrawal of an application for admission. *See Hernandez* v. *Casillas,* 520 F. Supp. 389 (S.D. Tex. 1981). Nevertheless, we have held that an immigration judge may permit an alien in exclusion proceedings to withdraw his application for admission. *See Matter of Manalo,* 15 I&N Dec. 4 (BIA 1974); *Matter of Lepofsky,* 14 I&N Dec. 718 (BIA 1974); *Matter of Vargas-Molina,* 13 I&N Dec. 651 (BIA 1971). An alien may not withdraw his application for admission as a matter of right but must satisfy the immigration judge that "justice may best be served" by permitting withdrawal. *Matter of Vargas-Molina, supra; see also Matter of Le Floch,* 13 I&N Dec. 251 (BIA 1969) ("miscarriage of justice" standard), *modified, Matter of Vargas-Molina, supra.*

After a review of the decisions referenced above, we conclude that a balancing of the equities test is not an appropriate method by which to determine whether an alien merits permission to withdraw an application for admission, and that a narrower focus was intended. An immigration judge should not allow withdrawal unless an alien, in addition to demonstrating that he possesses both the intent and the means to depart immediately from the United

564

States, establishes that factors directly relating to the issue of his admissibility indicate that granting withdrawal would be in the interest of justice (i.e., that justice would be ill served if an order of exclusion was entered). Moreover, we note that it was never contemplated that the withdrawal of an application for admission would become a nonstatutory form of "relief" from excludability which an applicant could apply for after excludability became apparent. In fact, we find that, once the exclusion hearing has been conducted and the issues of excludability have been resolved, such permission should ordinarily only be granted with the concurrence of the Service.

In the case before us, even if we were to disregard the applicant's attempted fraudulent entry, we can discern no facts or circumstances relevant to the issue of his admissibility which suggest that justice demands that he be allowed to withdraw his application for admission.[3]

Accordingly, the decision of the immigration judge permitting withdrawal will be vacated and the record will be remanded so that he may afford the applicant a full hearing on the issue of excludability.

ORDER: The appeal is sustained.

FURTHER ORDER: The decision of the immigration judge permitting the applicant to withdraw his application for admission is vacated, and the record is remanded to the immigration judge for further proceedings consistent with this opinion and the entry of a new decision.

---

[3] In a footnote to its appeal brief, the Service questions the ultimate authority of an immigration judge to permit the withdrawal of an application for admission. As the Service does not directly raise this issue on appeal, we shall not address it. Moreover, in view of our disposition of this case, we find it unnecessary to consider the other issues expressly raised by the Service on appeal, such as those concerning the applicant's exercise of his fifth amendment rights, the revelation that the applicant is not married to the mother of his child, and whether fraudulent entry is a more egregious offense than entry without inspection.