**Gary Edward POVALL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

Nos. 02–72306, 03–72445, A72–712–445.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 17, 2004.

Decided Oct. 28, 2004.

Eric P. Lin, Law Offices of Carol L. Edward, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Audrey B. Hemesath, Office of Immigration Litigation, David V. Bernal, Attorney, Anthony C. Payne, U.S. Department of Justice, Washington, DC, for Respondent.

Before BROWNING, TASHIMA, and BYBEE, Circuit Judges.

## MEMORANDUM*

Gary Edward Povall, a native and citizen of England, petitions for review of two decisions by the Board of Immigration Appeals ("BIA" or "Board"). In No. 02–72306, the BIA affirmed without opinion the decision of the Immigration Judge ("IJ"), ordering that Povall be excluded and deported from the United States. In No. 03–72445, the BIA denied Povall's motion to reopen proceedings. The cases have been consolidated for review. Povall contends that the IJ did not have jurisdiction to enter an in absentia order of exclusion and deportation because he had not been detained or paroled into the United States. We have jurisdiction pursuant to 8 U.S.C. § 1105a, as amended by § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. We deny both petitions.

Where the BIA affirms without opinion, we review the decision of the IJ as though it were the decision of the BIA. *Chete Juarez v. Ashcroft*, 376 F.3d 944, 947 (9th Cir.2004). The BIA's denial of a motion to reopen is reviewed for an abuse of discretion and can be overturned "if the BIA acted 'arbitrarily, irrationally, or contrary to law.'" *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir.2004) (quoting *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000)). The IJ's determination of purely legal

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

questions is reviewed de novo. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002) (reviewing de novo the BIA's determination of purely legal questions). Factual findings are reviewed for substantial evidence and may be reversed only if the petitioner shows that the evidence compels a contrary conclusion. *Id.*

■ Although we agree that this case presents facts similar to those found in *In re Sanchez–Avila,* 21 I. & N. Dec. 444, 1996 WL 413568 (BIA 1996) (*"Sanchez"*), we find *Sanchez* distinguishable.[1] First, and most importantly, the IJ did not enter an order of exclusion following the first hearing. Second, the Immigration and Naturalization Service ("INS")[2] paroled Povall into the United States before the second hearing. We agree with the IJ that the INS's motive for granting Povall parole is irrelevant to the determination of whether the parole was valid.

Furthermore, unlike *Sanchez,* in which there was no question that the alien was in Mexico at the time of the hearing, Povall's counsel had "no idea" where Povall was at the time of the hearing, acknowledging that he could be either in or outside the United States. Finally, the INS explicitly stated that it did not consent to Povall's attempt to withdraw his application for admission. "An alien may not withdraw his application for admission as a matter of right but must satisfy the [IJ] that 'justice may best be served' by permitting withdrawal." *Matter of Gutierrez,* 19 I. & N. Dec. 562, 564, 1988 WL 235445 (BIA 1988) (quoting *Matter of Vargas–Molina,* 13 I. & N. Dec. 651, 653, 1971 WL 24391 (BIA 1971)); *see also Vargas–Molina,* 13 I. & N. Dec. at 652 (stating that "[a]n applicant for admission who comes under the Service jurisdiction should not have the power to compel the Service to relinquish jurisdiction"). The instant case differs from *Sanchez* in material ways. The IJ accordingly had jurisdiction to enter the exclusion order following the second hearing.

■ We further conclude that the Board did not abuse its discretion in denying Povall's motion to reopen. Povall's motion did not allege any new evidence that was "material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (describing the requirements for a motion to reopen). The BIA's denial of the motion accordingly was not arbitrary, irrational, or contrary to law. *See Andia,* 359 F.3d at 1184 (setting forth the standard for overturning the Board's denial of a motion to reopen).

■ Even if Povall's motion is construed as a motion to reconsider, which the Board also did, the BIA did not abuse its discretion in denying the motion. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002) (stating that the denial of either a motion to reopen or a motion to reconsider is reviewed for abuse of discretion). A motion to reconsider must "specify[ ] the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). Besides the fact that Povall's motion was untimely if construed as a motion for reconsideration, the BIA correctly stated that Povall's motion did not present any "new legal arguments, relevant changes of law, or arguments or aspects of the case that were previously

---

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

2. The INS has been abolished and its functions transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub.L. No. 107–296, 116 Stat. 2142 (2002), 6 U.S.C. §§ 101–557.

overlooked." The motion merely restated the arguments he had already made to the IJ. The Board's decision accordingly is not an abuse of discretion.[3]

The petitions for review are **DENIED**.

**3.** In his petition for review of the denial of the motion to reopen, in No. 03–72445, Povall raises the argument for the first time that the BIA erred in streamlining his original appeal. The affirmance without opinion was issued on June 25, 2002, but he did not raise the issue in his briefs filed in connection with his first petition for review, which was filed July 24, 2002. Nor did he raise the argument in his motion to reopen that he filed with the BIA on September 23, 2002. A petitioner may not raise an issue that he did not raise in his petition for review by filing a motion to reopen with the BIA and then filing a second petition for review, raising an issue that could have been raised in the first petition.

