**Laurie Leigh HILL, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

No. 08–5998–ag.

United States Court of Appeals, Second Circuit.

Oct. 9, 2009.

Michael E. Marszalkowski, Damon & Morey LLP, Buffalo, NY, for Petitioner.

Thomas B. Fatouros, Senior Litigation Counsel (Tony West, Assistant Attorney General, Anh–Thu P. Mai–Windle, Senior Litigation Counsel, on the brief), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: PIERRE N. LEVAL, REENA RAGGI, Circuit Judges, JOHN GLEESON,** District Judge.

## SUMMARY ORDER

Laurie Leigh Hill petitions for review of a November 12, 2008 decision of the BIA dismissing as moot his appeal from the May 18, 2007 decision of Immigration Judge ("IJ") Philip Montante, Jr. The IJ found Hill inadmissible but permitted him to withdraw his application for admission. While acknowledging that his application is no longer pending, Hill now seeks to challenge the inadmissibility finding. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our ruling.

This court has jurisdiction to review "final orders of removal" pursuant to 8 U.S.C. § 1252(a)(1). The government argues that no such order exists. Hill responds that an IJ's finding of inadmissibility, without more, constitutes an order of

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

** District Judge John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

removal. *See* 8 U.S.C. § 1101(a)(47)(A); *Lazo v. Gonzales,* 462 F.3d 53, 54 (2d Cir.2006). Such an order becomes final upon the earlier of (1) "a determination by the [BIA] affirming such order" or (2) "the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." 8 U.S.C. § 1101(a)(47)(B).

Neither of these two events occurred in this case. Upon finding Hill inadmissible, the IJ granted him permission to withdraw his application for admission pursuant to 8 U.S.C. § 1225(a)(4). Such a withdrawal is permitted only "in the interest of justice," 8 C.F.R. § 1240.1(d), *see also In re Gutierrez,* 19 I. & N. Dec. 562, 564–65 (BIA 1988), terminates the IJ's jurisdiction, *see In re Vargas–Molina,* 13 I. & N. Dec. 651, 652 (BIA 1971), and permits an alien to depart without incurring an express order of removal, *see In re Gutierrez,* 19 I. & N. Dec. at 564. On this basis, the BIA dismissed Hill's appeal from the IJ's ruling as moot.

Hill now claims this was error. Insisting that the inadmissibility finding survives, he contends that it will require him to seek an additional waiver, should he attempt to reenter the United States, *see* 8 U.S.C. § 1182(d)(3), and might subject him to expedited removal, *see id.* § 1225(b), or even detention, *see id.* § 1226(c). He claims further that the finding will bind future agency adjudicators. *See Dulal–Whiteway v. U.S. Dep't of Homeland Sec.,* 501 F.3d 116, 120 (2d Cir.2007), *abrogated on other grounds as noted in Nijhawan v. Holder,* —— U.S. ——, 129 S.Ct. 2294, 2298, 174 L.Ed.2d 22 (2009).

Although the BIA is not bound by traditional mootness doctrine, *see In re Luis–Rodriguez,* 22 I. & N. Dec. 747, 752–53 (BIA 1999), principles underlying the doctrine supported the challenged dismissal.

A case is moot when no live case or controversy exists. *See Swaby v. Ashcroft,* 357 F.3d 156, 159–60 (2d Cir.2004). To avoid mootness, "petitioner must have suffered, or be threatened with, an actual injury traceable to [respondent] and likely to be redressed by a favorable judicial decision." *Id.* at 160 (internal quotation marks omitted).

Hill has suffered no actual injury; nor is he threatened with one. As the BIA explained, the withdrawal of his application rendered the IJ's finding of inadmissibility "inoperative." *In re Hill,* No. A074 720 667, at 2 (BIA Nov. 12, 2008). We interpret this to mean that the IJ's grant of permission to withdraw had the effect of vacating his prior rulings, rendering the inadmissibility finding a legal nullity. *Cf. United States v. Munsingwear, Inc.,* 340 U.S. 36, 39–40, 71 S.Ct. 104, 95 L.Ed. 36 (1950) ("The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot … is to reverse or vacate the judgment below and remand with a direction to dismiss.... That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance."). At oral argument, counsel for the government represented that the IJ's finding would, at most, be a reason—along with Hill's record of conviction—for authorities to stop him if he attempted to reenter the United States. Hill would thereafter be entitled to a *de novo* consideration of his admissibility. We accept this representation and conclude that because the challenged IJ finding has no preclusive effect in any future proceeding against Hill, he is not threatened with any injury a judicial decision could redress. Thus, this appeal is moot.

Accordingly, the petition for review is DISMISSED.