**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50270 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-01199-WQH-1 |
| v. | |
| GABRIEL VAQUERA NAVA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted November 6, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Defendant Gabriel Vaquera Nava timely appeals his conviction for one

count of being a deported alien found in the United States, in violation of 8 U.S.C.

§ 1326(a) and (b). On appeal, Defendant challenges the district court's denial of

his motion to dismiss the indictment on the ground that the underlying deportation

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

was invalid. Reviewing de novo, United States v. Lopez-Velasquez, 629 F.3d 894, 896–97 (9th Cir. 2010) (en banc), we affirm.

Defendant fails to demonstrate that the removal order underlying his conviction was "fundamentally unfair" for purposes of 8 U.S.C. § 1326(d)(3). United States v. Cisneros-Resendiz, 656 F.3d 1015, 1018 (9th Cir. 2011). Assuming, without deciding, that the immigration judge's ("IJ") duty to inform, under 8 C.F.R. § 1240.11(a)(2), includes such relief as withdrawal of an application for admission, Defendant has failed to show prejudice, that is, that the IJ would have plausibly granted Defendant's withdrawal. Cisneros-Resendiz, 656 F.3d at 1019. In particular, Defendant fails to establish that factors "directly relating to the issue of inadmissibility indicate that the granting of the withdrawal would be in the interest of justice." 8 C.F.R. § 1240.1(d); see In re Gutierrez, 19 I. & N. Dec. 562, 564–65 (B.I.A. 1988) (holding that equitable factors, such as lack of a criminal record and lawful permanent resident status, are not directly related to the issue of inadmissibility). The record before the IJ included evidence that Defendant had attempted to enter the United States on a false claim of citizenship and had engaged in intentional smuggling of a non-family member for compensation. In consideration of these factors, "it is not plausible that the IJ would have granted [Defendant] permission to withdraw his application for

2

admission." Cisneros-Resendiz, 656 F.3d at 1023. Accordingly, Defendant was not prejudiced by the IJ's failure to inform him of that relief, and Defendant's underlying deportation order was not invalid. The district court did not err in denying Defendant's motion to dismiss the indictment.

**AFFIRMED.**